CHARLES ROSEBACK *vs.* ÆTNA MILLS.

Middlesex.   January 24, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Employers' Liability Act — Fellow Servants.*

An ordinary weaver, whose usual work is merely to operate a loom, is not a person intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence within the meaning of the St. of 1887, c. 270, § 1, cl. 2, merely because it is also his duty, when his loom gets out of repair, to notify the loom fixer to put it in order. The weaver and loom fixer are fellow servants.

TORT, for personal injuries under the St. of 1887, c. 270. At the trial in the Superior Court, without a jury, before *Richardson*, J., there was evidence tending to show that the plaintiff, at the time of the injury complained of, was employed by the defendant to fix and repair a section of fourteen looms in the defendant's mill at Watertown whenever any of the looms were out of repair, and to inspect, fix, and repair any of the looms whenever notified so to do by the weaver operating any of them; that on April 3, 1891, one Rose McManus, an employee of the defendant, having operating charge and control as weaver of one of the looms in the section assigned to the plaintiff to keep in repair, notified the plaintiff that her loom was out of repair and was making heavy cloth, and requested him to fix it; that McManus then went back to her loom, which was stopped, and began picking out the heavy cloth; that the plaintiff, in accordance with the request, within a minute or two thereafter, went to the loom and commenced to repair the same; that the only defect was, that the steel spring, with its nuts and bolts which held the friction band in place, had become loose, — a thing which not unfrequently happens, — and while the plaintiff was in the act of tightening up the spring, McManus was at the other side of the loom, facing the plaintiff, and within about two feet of him; and while so situated, and while the plaintiff was stooping down and had his hands and arms in the loom in process of tightening the spring, McManus started the loom into operation without notifying the plaintiff of

her intention so to do, and without warning him of his danger, and by the act of said McManus the crank of the crank shaft of the loom suddenly revolved, and his left arm was caught, before the plaintiff could extricate it, between the crank and the iron casting to which the friction band of the loom was attached, and was seriously lacerated and crushed, one of the bones being broken and otherwise injured.

It appeared that there was no other defect in the loom than that which the plaintiff was called upon to repair or fix, and was in the act of fixing as aforesaid, and that the sole cause of the injury was the starting of the loom by McManus in the manner stated.

The judge ruled: 1. That on the evidence McManus did not have such superintendence of the plaintiff or his work as would entitle the plaintiff to recover in the action. 2. That McManus was a fellow employee of the plaintiff on the above stated facts, and that the defendant was not liable under the St. of 1887, c. 270.

It was admitted that due notice was given of the injury.

The judge found for the defendant; and the plaintiff alleged exceptions.

*J. Hillis*, for the plaintiff.

*H. S. Webster & C. Reno*, for the defendant.

BARKER, J. That an ordinary weaver, whose usual work is merely to operate a loom, is not a person "intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence," within the meaning of the St. of 1887, c. 270, § 1, cl. 2, merely because it is also her duty, when her loom gets out of repair, to notify the loom-fixer to put it in order, is too plain for discussion. The weaver was no more than the plaintiff's fellow servant, and the rulings were right.

*Exceptions overruled.*